# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:17-CR-00142-5 |
| | : | |
| v. | : | |
| | : | |
| HENRY FERRER | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

This is a criminal case in which Defendant Henry Ferrer ("Ferrer") has pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846 and one count of possession of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g). In preparation for Ferrer's sentencing, the United States Probation Department prepared a presentence investigation report, which concluded that Ferrer was subject to a sentencing enhancement under the Armed Career Criminal Act ("ACCA"). Before the case proceeded to a sentencing hearing, however, this court issued an order in which it indicated that it had become independently concerned that Ferrer's designation as an armed career criminal might be incorrect. (Doc. 372.) The court accordingly ordered the parties to file sentencing memoranda as to this issue. Ferrer filed a sentencing memorandum on April 30, 2021, but did not address the ACCA issue, and the government did not file an additional sentencing memorandum.

Because neither party has briefed the ACCA issue in accordance with the court's prior order, the court will analyze the ACCA issue sua sponte as indicated in the prior order. (Doc. 372.) Based on that review, the court finds that Ferrer is not an armed career criminal. Accordingly, the court will continue the sentencing hearing and direct the probation department to prepare a new presentence investigation report without reference to any sentencing enhancement under the ACCA.

**RELEVANT PROCEDURAL HISTORY**

On May 22, 2019, Ferrer was charged through a second superseding indictment with one count of aiding and abetting false statements to a federally licensed firearms dealer in connection with the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6); one count of conspiracy to distribute and possess with intent to distribute one-hundred grams or more of a mixture and substance containing heroin in violation of 21 U.S.C. § 846; one count of discharge of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c); and one count of illegal possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g), 924(a)(2), and 924(e). (Doc. 234.)

On September 11, 2020, the parties entered into a plea agreement in which Ferrer agreed to plead guilty to the charges of conspiracy to distribute and possess with intent to distribute one-hundred grams or more of heroin and illegal

possession of a firearm. (Doc. 310.) Ferrer pleaded guilty to those charges during a hearing on September 14, 2020.

On February 10, 2021, the United States Probation Department issued a presentence investigation report in which it concluded that Ferrer was eligible for a sentencing enhancement under the ACCA due to two prior convictions for robbery and one prior conviction for possession with intent to deliver a controlled substance. (Doc. 357.) On February 18, 2021, the court issued an order scheduling Ferrer's sentencing hearing for April 9, 2021. (Doc. 362.)

On April 7, 2021, the court issued an order in which it indicated that it had "become independently concerned" that Ferrer's designation as an armed career criminal "might be incorrect." (Doc. 372.) The court accordingly continued the sentencing hearing to June 4, 2021 and ordered additional briefing from the parties. (*Id.*) Ferrer subsequently filed a sentencing memorandum on April 30, 2021, but did not address the ACCA issue. The government did not file an additional sentencing memorandum.

## DISCUSSION

Under the Armed Career Criminal Act, a defendant is subject to a mandatory minimum sentence of 15 years imprisonment if he is convicted of illegally possessing a firearm in violation of 18 U.S.C. § 922 and "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed

3

on occasions different from one another." 18 U.S.C. § 924(e)(1). The act defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

18 U.S.C. § 924(e)(2)(B). The Supreme Court has held that the residual clause of the statute—"or otherwise involves conduct that presents a serious potential risk of physical injury to another"—is unconstitutionally vague. *See Johnson v. United States*, 576 U.S. 591, 596–97, 606 (2015). Accordingly, for a conviction to qualify as a violent felony under the statute, it must meet one of the other clauses of the statute, commonly referred to as the force or elements clause and the enumerated offenses clause. *See United States v. Peppers*, 899 F.3d 211, 217–18 (3d Cir. 2018).

In determining whether a defendant's prior conviction qualifies as a predicate offense under the ACCA, a sentencing court must employ the "categorical approach," which looks only to the elements of the underlying conviction, rather than the particular facts of the defendant's prior case. *Taylor v.*

4

*United States*, 495 U.S. 575, 602 (1990). The facts of the defendant's prior case are "irrelevant" to an ACCA analysis, *Mathis v. United States*, 579 U.S. __, 136 S. Ct. 2243, 2253 (2016), and the ACCA "cares not a whit about them." *Id.* at 2248 (citing *Taylor*, 495 U.S. at 599–602).

The categorical approach is modified slightly when the statute that gave rise to the prior conviction is "divisible"—that is, the statute "lists alternative elements (as opposed to alternative means for committing the same offense)." *United States v. Daniels*, 915 F.3d 148, 151 (3d Cir. 2019) (citing *Mathis*, 136 S. Ct. at 2248–50). When the statute of conviction is divisible, the court applies the "modified categorical approach," which allows the court to look to a limited universe of documents—commonly referred to as *Shepard* documents—to determine which subsection of the statute gave rise to the defendant's conviction. *Mathis*, 136 S. Ct. at 2249 (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). *Shepard* documents may include "for example, the indictment, jury instructions, or plea agreement and colloquy." *Id.* (citing *Shepard*, 544 U.S. at 26). After consulting the *Shepard* documents, "the court proceeds as it would under the categorical approach," determining whether the elements of the relevant subsection qualify as a predicate offense under the ACCA. *Peppers*, 899 F.3d at 228 (citing *Descamps v. United States*, 570 U.S. 254, 257 (2013)).

The government bears the burden of proof to establish that an enhancement under the ACCA applies. *See United States v. Napolitano*, 762 F.3d 297, 309 (3d Cir. 2014) ("The government bears the burden of proving by a preponderance of the evidence that a sentencing enhancement applies."); *Pereida v. Wilkinson*, 592 U.S. __, 141 S. Ct. 754, 765–66 (2021) ("*Johnson* involved a criminal prosecution under the Armed Career Criminal Act (ACCA) in which the government bore the burden of proof." (citing *Johnson v. United States*, 559 U.S. 133, 137 (2010))). Consistent with that burden, the government "has the burden of producing *Shepard* documents" for purposes of a modified categorical analysis. *Stevenson v. United States*, No. 3:12-CR-00145, 2019 WL 845418, at *7 (M.D. Pa. Feb. 21, 2019) (citing *United States v. Evans*, No. 2:02-CR-00001, 2015 WL 9480097, at *2 (W.D. Pa. Dec. 29, 2015)). When no *Shepard* documents have been produced, "the sentencing court is forced to proceed under the categorical approach" because the lack of *Shepard* documents makes the modified categorical approach "a useless tool." *Peppers*, 899 F.3d at 232.

In this case, Ferrer's designation as an armed career criminal is based on two convictions for robbery and one conviction for possession with intent to deliver a controlled substance. Both of Defendant's robbery convictions were under

Pennsylvania law, which, at the time of Ferrer's convictions,[1] defined robbery as follows:

> (1) A person is guilty of robbery if, in the course of committing a theft, he:
>
>     (i) inflicts serious bodily injury upon another;
>
>     (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;
>
>     (iii) commits or threatens immediately to commit any felony of the first or second degree;
>
>     (iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; or
>
>     (v) physically takes or removes property from the person of another by force however slight.

Act No. 334, P.L. No. 1482, § 1, effective June 6, 1973 (amended 2010 and 2014, current version codified at 18 Pa.C.S. § 3701).

Because Pennsylvania's robbery statute is divisible, *Peppers*, 899 F.3d at 232, the court would ordinarily apply the modified categorical approach in this case. Neither party, however, has produced any *Shepard* documents, meaning that the court is forced to proceed with the categorical approach. *Id.* With the analysis limited in such a way, the court's decision is controlled by *Peppers*, where the

---

[1] Pennsylvania's robbery statute was amended in 2010 and 2014. Because Ferrer's robbery convictions were in 2000, the court's analysis is based on the version of the statute that was in effect prior to those amendments.

7

Third Circuit held that a conviction under 18 Pa.C.S. § 3701 does not qualify as an ACCA predicate offense under the categorical approach. *Id.* at 232–34.

Accordingly, the court holds that Ferrer is not subject to a sentencing enhancement under the ACCA because neither of his robbery convictions qualify as predicate offenses under the statute. Having reached that conclusion, the court will not consider whether Ferrer's conviction for possession with intent to deliver a controlled substance qualifies as a predicate offense. The court will therefore continue the sentencing hearing and direct the probation department to prepare a new presentence investigation report without reference to any sentencing enhancement under the ACCA.

## Conclusion

For the foregoing reasons, the court holds that Ferrer is not subject to a sentencing enhancement under the ACCA. An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: May 26, 2021